# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO.: 4:18-cr-243

MARYANNE HUDSON,

Defendant.

## **O R D E R**

This matter is before the Court on Defendant's Motion to Set Bond Pending Appeal and Stay the Execution of Judgment. (Doc. 43.) The Court held a hearing on Defendant's Motion on March 6, 2019. For the reasons stated at the hearing and summarized below, the Court **DENIES** Defendant's Motion.

At the hearing, the Court explained that Defendant's Motion must be analyzed under 18 U.S.C. § 3143(b), rather than the statute cited in Defendant's Motion, 18 U.S.C. § 3142. The Court then further explained that, under Section 3143(b), Defendant carries the burden of demonstrating that her appeal demonstrates a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence of imprisonment. 18 U.S.C. § 3143(b)(B); see also, United States v. Henderson, No. 1:15-CR-072, 2016 WL 7383316, at *1 (S.D. Ga. Dec. 20, 2016) ("[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). Further, "to be a 'substantial question,' it must be one which may properly be raised on appeal." Giancola, 754 F.2d at 901, n.4.

At the motions hearing, the Court provided Defendant's counsel with the opportunity to identify such a "substantial question" but counsel was unable to do so. The only question that counsel identified which Defendant intends to raise on appeal is a vague issue of ineffective assistance by her prior counsel. However, this claim appears to be barred by the appeal waiver in her plea agreement, contradicted by Defendant's sworn testimony at her change of plea hearing, and not proper for consideration on direct appeal.

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and her plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). It is well-settled that a waiver of appeal and collateral attack provisions contained in a plea agreement is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007). As explained at the motions hearing, the Court conducted an extensive plea colloquy with Defendant to establish that her decision to plead guilty was knowingly, voluntarily, and intelligently made. (Doc. 41.) The Court need not rehash that colloquy in this Order. However, the Court noted that it went over Defendant's appeal waiver in detail with her at her change of plea hearing and Defendant testified, under oath, that she understood the appeal waiver, that she was willing to agree to waiver her right to appeal as part of her plea agreement, that she had adequate time to discuss the appeal waiver with her counsel before entering her plea

agreement, that her counsel sufficiently explained her appeal rights to her, and that her counsel sufficiently explained her waiver of appellate rights to her. (Doc. 41, pp. 29–31.) Further, Defendant's appeal waiver is laid out in detail in the plea agreement which Defendant testified she read, understood, and signed. Thus, it is clear that "(1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)).

Moreover, at the change of plea hearing, Defendant repeatedly testified that she was satisfied with her counsel, that no one had promised or guaranteed her a sentence, that counsel was not forcing her to plead guilty, that she fully discussed her case with her lawyer, that he had reviewed discovery, the government's theory of the case, and potential defenses with her, that she communicated with him "two, three times a week, sometimes more," that he went over her complete plea agreement with her before she signed it, and that she had no complaints about his representation "whatsoever." (Id. at pp. 16, 11–12, 23, 37.) Considering these sworn representations, Defendant's vague appellate argument of ineffective assistance does not appear to present a "close question."

Moreover, "except in the rare instance when the record is sufficiently developed, [the Eleventh Circuit Court of Appeals] will not address claims for ineffective assistance of counsel on direct appeal." United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (quotations omitted). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." Merrill, 513 F.3d at 1308 (quotations and brackets omitted); see also Massaro v. United States, 538 U.S. 500, 504-505 (2003) ("[I]n most

3

cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose."). Here, Defendant has not demonstrated that this case presents the "rare instance" where the record is sufficiently developed for Defendant to pursue her claims of ineffective assistance of counsel on direct appeal.

For all these reasons and those stated on the record at the hearing, Defendant has failed to carry her burden to show a "substantial question" presented by her appeal as required by Section 3143(b). Thus, the Court **DENIES** Defendant's Motion to Set Bond Pending Appeal and Stay the Execution of Judgment. As ordered previously, Defendant shall surrender for the service of her sentence to the institution designated by the Bureau of Prisons before 2:00 p.m. on March 7, 2019.

**SO ORDERED**, this 6th day of March, 2019.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA